UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ANTHONY CHONG, | No.  2:25-cv-1469-TLN-CKD P |
| Petitioner, | |
| v. | ORDER AND |
| AMADOR COUNTY JAIL, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner Angel Chong filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a). However, the court has screened the petition and finds it should be summarily dismissed.

In screening the habeas petition, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4's standard, if it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the district court is authorized to summarily dismiss a habeas petition. Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

1

Through this petition, petitioner challenges "[a]ll cases on record" in the Amador County Superior Court. (ECF No. 1 at 1.) Petitioner is serving a sentence of "1 year of probation, plus constructive custody" for the offenses of "vandalism and unknown and unspecified offenses, including witnessing crime fraud and federal and constitutional offenses, and pending constructive charges and probation violations to further constructive custody." (Id.) The petition presents four grounds for relief as follows: "obstruction of justice to cover up federal offenses by this custody, including constitutional overthrow" (ground one); "constructive custody in furtherance of obstruction and constructive punishment or harm" (ground two); "1st amendment and due process, equal protection cruel and unusual punishment and separation of powers" (ground three); and "date rape exploitation of privilege and immunities" (ground four). (See id. at 5-17.) Petitioner did not appeal the conviction(s) at issue and has not sought review by a higher state court. (Id. at 2.)

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A petitioner must state facts that point to a real possibility of constitutional error. See Advisory Committee Notes to Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 655 (2005). Here, the facts underlying plaintiff's grounds for relief are difficult to discern.

Nevertheless, the petition makes clear that petitioner has not exhausted state court remedies. A petitioner who wishes to collaterally challenge his state convictions by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A). The court may raise the exhaustion issue sua sponte. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a fair opportunity to consider each claim before presenting it to the federal court, and by demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275 (1971); Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011). When none of a

1  petitioner's claims have been presented to the highest state court, the court should ordinarily
2  dismiss the petition. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district
3  court determines that a habeas petition contains only unexhausted claims ... it may simply dismiss
4  the habeas petition for failure to exhaust.").

5  Here, the petition makes clear that petitioner has not exhausted state court remedies for the
6  grounds presented. The petition should be summarily dismissed. Because it is being
7  recommended that the petition be summarily dismissed, petitioner's requests for relief other than
8  the request to proceed in forma pauperis will be denied.

9  In accordance with the above, IT IS HEREBY ORDERED as follows:
10  1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
11  2. Petitioner's request to be deemed pro per for jail (ECF No. 7) is DENIED.
12  3. Petitioner's request for emergency hearing (ECF No. 10) is DENIED.
13  In addition, IT IS RECOMMENDED as follows:
14  1. The petition for writ of habeas corpus be summarily dismissed.
15  2. The Clerk of Court be directed to close this case.

16  These findings and recommendations will be submitted to the United States District Judge
17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
18  after being served with these findings and recommendations, petitioner may file written
19  objections with the court. In any objections, petitioner may address whether a certificate of
20  appealability should issue in the event he files an appeal of the judgment in this case. See Rule
21  11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a
22  certificate of appealability when it enters a final order adverse to the applicant). Petitioner is
23  advised that failure to file objections within the specified time may waive the right to appeal the
24  District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25  Dated:  June 18, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

28  8, chon1469.fr