UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ANTHONY CHONG, | No. 2:25-cv-1469-TLN-CKD P |
| Petitioner, | |
| v. | SUPPLEMENTAL FINDINGS AND RECOMMENDATIONS |
| AMADOR COUNTY JAIL, | |
| Respondent. | |

     Petitioner Angel Chong proceeds pro se and in forma pauperis and seeks habeas corpus relief. On June 18, 2025, the undersigned screened the petition as brought under 28 U.S.C. § 2254 and found it should be summarily dismissed for failure to exhaust available state court remedies. (ECF No. 11.) Petitioner filed objections to the findings and recommendations (ECF Nos. 13, 14, 15) and a motion to amend the petition (ECF No. 12), among other documents. Having reviewed petitioner's filings, the undersigned issues these supplemental findings and recommendations. For the reasons set forth below, to any extent petitioner is challenging ongoing state criminal proceedings, the habeas petition should be construed as brought under 28 U.S.C. § 2241 and dismissed because federal court intervention in the state court proceedings is not warranted.

     According to the petition filed on May 27, 2025, petitioner is serving a sentence of "1 year of probation, plus constructive custody" for the offenses of "vandalism and unknown and unspecified offenses, including witnessing crime fraud and federal and constitutional offenses,

1  and pending constructive charges and probation violations to further constructive custody." (ECF
2  No. 1 at 1.) The facts underlying plaintiff's claims are difficult to discern, but the petition presents
3  four grounds for relief as follows: "obstruction of justice to cover up federal offenses by this
4  custody, including constitutional overthrow" (ground one); "constructive custody in furtherance
5  of obstruction and constructive punishment or harm" (ground two); "1st amendment and due
6  process, equal protection cruel and unusual punishment and separation of powers" (ground three);
7  and "date rape exploitation of privilege and immunities" (ground four). (See id. at 5-17.)
8  Petitioner did not appeal the conviction(s) at issue and has not sought review by a higher state
9  court. (Id. at 2.)

10  The petition challenges "[a]ll cases on record" in the Amador County Superior Court.
11  (ECF No. 1 at 1.) Petitioner now seeks to amend the petition to indicate he challenges "all cases
12  or otherwise (e.g. consecutive cases) on or off record." (ECF No. 12 at 1.) Because the petition
13  should be summarily dismissed for the reasons set forth in the findings and recommendations
14  filed on June 18, 2025, and for the additional reasons set forth in these supplemental findings and
15  recommendations, the motion to amend should be denied.

16  In objections to the findings and recommendations, petitioner argues he cannot appeal or
17  exhaust while he is considered "incompetent" in state court. (ECF No. 13 at 1.) Because
18  petitioner describes himself as considered incompetent in state court, it appears petitioner may be
19  attempting to challenge pretrial confinement in addition to his convictions on record in Amador
20  County Superior Court. The proper procedural vehicle for a challenge to petitioner's pretrial
21  confinement is 28 U.S.C. § 2241. See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003).
22  The Rules Governing Section 2254 Cases are equally applicable to § 2241 petitions. See Rule
23  1(b) of the Rules Governing Habeas Corpus Cases.

24  To any extent petitioner is challenging ongoing state criminal proceedings, the petition
25  should be dismissed. Federal courts cannot interfere with pending state criminal proceedings
26  absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris,
27  401 U.S. 37, 45-46 (1971). Abstention is required when: (1) state proceedings, judicial in nature,
28  are pending; (2) the state proceedings involve important state interests; and (3) the state

proceedings afford adequate opportunity to raise the constitutional issues. <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982); <u>Kenneally v. Lungren</u>, 967 F.2d 329, 331-32 (9th Cir. 1992).

If the three factors set forth above are met, then the federal court must abstain from ruling on the issues and dismiss the federal action without prejudice, unless there are extraordinary or special circumstances which pose an immediate threat of irreparable injury. <u>Kenneally</u>, 967 F.2d at 331; <u>see also</u> <u>Perez v. Ledesma</u>, 401 U.S. 82, 85 (1971) (limiting "extraordinary circumstances" to those cases involving harassment by state officials, prosecutions undertaken "in bad faith that have no hope of obtaining a valid conviction," or where "irreparable injury can be shown."). In practical terms, under the <u>Younger</u> doctrine, "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" <u>Carden v. Montana</u>, 626 F.2d 82, 83-84 (9th Cir. 1980) (quoting <u>Drury v. Cox</u>, 457 F.2d 764, 764-65 (9th Cir. 1972)).

To any extent petitioner challenges pretrial confinement, the state criminal proceedings were ongoing when the habeas petition was filed. Any such proceedings involve an important state interest since they concern the application of criminal law. In addition, any such proceedings provide petitioner the opportunity to challenge the legal sufficiency of the criminal charges. Petitioner's allegations do not demonstrate this is an extraordinary case justifying an exception to the <u>Younger</u> abstention rule.

Petitioner also does not describe any irreparable injury to an ongoing criminal case that will occur if this court does not review his petition on the merits. Instead, the petition's allegations address, for example, the "Jan 6 capitol attack, coronavirus biowarfare, constructive incrimination of Donald Trump…, wrongful[ ] and related assassination attempts…," and other matters that do not appear to be related to petitioner's pretrial confinement. (ECF No. 1 at 6.) Thus, to any extent petitioner challenges pretrial confinement, this court should not intervene in the pending state criminal proceedings. Whether brought under 28 U.S.C. § 2254 or 28 U.S.C. § 2241, the petition should be summarily dismissed and leave to amend should be denied.

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Petitioner's motion to amend the petition (ECF No. 12) be denied.
2. The court construe the habeas petition as brought under 28 U.S.C. § 2241 only to any extent petitioner is challenging ongoing state criminal proceedings and dismiss the petition because federal court intervention in the state court proceedings is not shown to be warranted.

These supplemental findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file further written objections with the court. In any further objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 9, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, chon1469.fr.supp

4